Pro Se Complaint for remedy and relief
================================================================

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nicholas V. Testaccio<br>*Plaintiff* | ) )  ) | Case No._____ |
| vs. | ) ) ) | |
| Don Rahim,<br>Auto Expo<br>*Defendants* | ) ) ) ) ) ) ) ) ) ) ) ) ) | **CIVIL ACTION**<br><br>**JURY DEMAND** |

# COMPLAINT

## I. The Parties to This Complaint

### A. The Plaintiff

Nicholas V. Testaccio
643 Country Acres Court
Effort, PA  (Monroe County)
(848) 219-5420
ncktst@yahoo.com

### B. The Defendants

Don Rahim
Auto Expo
1147 E. Jericho Tpke.
Huntington, NY 11743
(631) 424-7900
jeephaven@gmail.com

Auto Expo
1147 E. Jericho Tpke.
Huntington, NY 11743
(631) 424-7900
jeephaven@gmail.com

Plaintiff, Nicholas Testaccio is a consumer dependent on the voracity, experience, and professionalism of any retailer, and, in particular, one with the expertise and staff to fully inform on the merchandise in question.

Defendants, Don Rahim, and Auto Expo are professionals that are expected to provide professional services with competence, honesty, integrity, and diligence.

## II. Basis for Jurisdiction

28 U.S.C. § 1331 - The district courts shall have original jurisdiction of all civil actions arising under the *** laws *** of the United States, and 28 U.S.C. § 1332 (a)(1) citizens of different States.

The basis for this complaint arises from Plaintiff being subjected to Fraud, Reckless Endangerment, Callous Disregard for his well-being, Emotional Distress, and Theft in a transaction between citizens of different States.

## III. Nature of this Case

1. This case begins with the Plaintiff performing an extensive search for a particular vehicle built with a specific engine; the inline 6. Plaintiff owns and did extensive research on the Jeep Cherokee he purchased new in 2000. The inline 6 engine has a long history of being "bullet proof", with extensive years of performance. Owners of the original Jeep Cherokee with the inline 6 engine have shown milage more than 500,000 miles. Indeed, there are still many of this particular model on the road and performing with few issues.

2. Plaintiff did an Internet search for Jeep vehicles with the inline 6 engine. Jeep no longer produces vehicles with this engine, so the choice was to buy a used vehicle. In October of 2019, Plaintiff came upon Auto Expo, listing numerous used vehicles with low milage with the desired engine configuration. Plaintiff monitored Auto Expo until May of 2020 when deciding to purchase one of the listed vehicles displayed on the website.

3. Plaintiff contacted Auto Expo speaking to a salesman named Clifford, explaining the details of the desired vehicle, the issues pertaining to commuting to Auto Expo, payment, and concerns of leaving with a vehicle. Concerns of leaving on the day of purchase arose from the fact that the commute was some three (3) hours, and the fact that another vehicle was being sold in anticipation of buying the desired Jeep.

4. Plaintiff again contacted Auto Expo speaking to Clifford, reiterated the considerations of the purchase and was assured that Auto Expo had sixty (60) vehicles that fit the parameters. Plaintiff scheduled May 19, 2020 as the date for the transaction.

5. Plaintiff took a Three (3) hour commute to find that none of the advertised vehicles existed, and the listings appeared to be just a ploy to bring in unsuspecting consumers.

6. Plaintiff in view of the Three (3) hour commute, and commitment, settled on the vehicle that appeared to be a close approximation of what he was looking for, as opposed to what was advertised on the Auto Expo website.

7. For his time and effort, Plaintiff was sold a vehicle that was not safe to drive in the eyes of the Law.

8. For his time and effort, Plaintiff has been subjected to Fraud, Reckless Endangerment, Callous Disregard for his well-being, Emotional Distress, and Theft.

9. Using 15 USC § 2301, et. seq. as a guide, Plaintiff proposed a solution he believed was valid, simple, and would not extend any undo costs or penalties on the Defendant.

## IV. Factual Allegations

10. Auto Expo is a used car dealership that employs several mechanics to service their stock of vehicles.

11. Auto Expo, as a licensed car dealership, claims and is perceived by the public, and State licensing agencies as a professional in the industry.

12. Auto Expo, as a licensed car dealership, states that "All Jeeps are Pre-Owned Certified, Inspected and Full Warrantied with Full Pre-Delivery Service!!!"

13. Auto Expo advertised, and still advertises numerous low mileage, reasonably priced, inline 6 used Jeep Cherokee's and Grand Cherokee's.

14. On arrival at Auto Expo on May 19th, Plaintiff attempted to hand salesman a list of vehicles he had viewed on the Auto Expo website. Without so much as looking at the list, Plaintiff was immediately told by the salesman that none of the vehicles were available. Salesman stated that posted vehicles were there to "just give an idea" of what "they" had.

15. Plaintiff, given the extent of his preparation, previous commitment, and commute was left no option but to view the stock of vehicles. In fact, there were no vehicles that remotely resembled those advertised for sale as listed on the website.

16. Plaintiff rejected vehicles suggested by the salesman, but was not shown any low milage, low cost vehicles as advertised on the Auto Expo website.

17. Plaintiff, after the commute that involved two taxis, NJ Transit, and the LIRR, and a commitment to sell one of his other Jeeps decided to accept one vehicle.

18. The vehicle in question had the driver side door panel off for repair and was told it would be fixed. The repair was not made by Auto Expo.

19. Plaintiff was given a Carfax for the vehicle in question showing no accidents. The vehicle was indeed in an accident.

20. Plaintiff informed the salesman that the vehicle was to be registered in Pennsylvania and was told that the documents covered such transfers.

21. Plaintiff was asked for a deposit before any paperwork could be done and provided the deposit from Bank of America.

22. Plaintiff was told that the deposit would be returned to him upon full payment. The deposit was not, and has not been returned although Plaintiff did alert Auto Expo to that fact.

23. Upon completion of the paperwork, Plaintiff wired the full amount of the cost of the vehicle from Navy Federal Credit Union.

24. Plaintiff took delivery of vehicle and began the long drive home. Within one hour the check engine light came on.

25. Plaintiff contacted Auto Expo upon reaching home that very same day that the check engine light came on.

26. Plaintiff brought the vehicle to a mechanic in New Jersey to ascertain what caused the check engine light to indicate an issue.

27. Plaintiff was advised by the mechanic that the O2 Sensor was bad, the radiator was damaged with a large hole in it. Later the mechanic found that the alternator was cracked.

28. Plaintiff was also advised that damage to the radiator was due to the vehicle having been in an accident.

29. Plaintiff engaged the Defendant about the damage, and was told "You better get another mechanic, because he doesn't know what he's talking about".

## V. First Cause of Action – Fraud

30. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as is fully set forth herein, and further states the following.

5

31.  15 USC § 2301, et. seq., as is categorized in statutes pertaining to the conduct of a professional, in that a professional must provide Professional Services with competence.

32.  Defendant's are a used car dealership licensed under the State, and therefore categorized and licensed as a professional to which the Plaintiff is entitled to expect a degree of honesty, integrity, competence, and diligence.

33.  Defendants failed to act in the best interest of the consumer by immediately refusing to rectify the issue presented on the same day, and subsequent days.

34.  Defendants failed to provide professional services with competence, by admonishing Plaintiff to find another mechanic.

35.  Defendants failed to make full disclosure of all Material concern; the vehicle had indeed been in an accident.

36.  Defendants failed to make full disclosure in their field of expertise; failed to act with honesty, integrity, competence, and diligence in that they failed to fully disclose that the radiator had a substantial hole, the alternator was cracked, the frame is out of alignment, and the vehicle could not pass Pennsylvania's safety inspection.

37.  18 USC § 1038(b), "Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed..." Defendant presented an incomplete and incorrect CarFax showing that the vehicle was accident free.

38.  18 USC § 35(a), "Whoever imparts or conveys or causes to be imparted or conveyed false information..." Defendants failed to inform Plaintiff that the vehicle had indeed been in an accident.

39.  18 USC § 35(a), "Whoever imparts or conveys or causes to be imparted or conveyed false information..." Defendants falsely presented the vehicle as not having been in an accident.

40.  18 USC § 35(b), "Whoever willfully and maliciously, or with reckless disregard for the safety of human life, imparts or conveys or causes to be imparted or conveyed false information..." Defendant maintains a staff of mechanics that could, and should recognize that the vehicle had been in an accident.

Pro Se Complaint for remedy and relief
==============================================================================

41. 18 USC § 35(b), "Whoever willfully and maliciously, or with reckless disregard for the safety of human life, imparts or conveys or causes to be imparted or conveyed false information…" Defendants delivered a vehicle that was unsafe in accordance with State parameters.

42. 18 USC § 35(a), "Whoever imparts or conveys or causes to be imparted or conveyed false information…" Defendants advertise, and did convey verbally that several low milage, low cost vehicles were available.

43. 18 USC § 35(a), "Whoever imparts or conveys or causes to be imparted or conveyed false information…" Defendants did not have, indicate, or show such vehicles to be available when Plaintiff arrived.

### VI. Second Cause of Action – Reckless Endangerment

44. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as is fully set forth herein, and further states the following.

45. 18 USC § 35(b), "Whoever willfully and maliciously, or with reckless disregard for the safety of human life, imparts or conveys or causes to be imparted or conveyed false information…" Defendants, with callous disregard, failed to properly inform the Plaintiff of the extent of damage to the vehicle.

46. 18 USC § 35(b), "Whoever willfully and maliciously, or with reckless disregard for the safety of human life, imparts or conveys or causes to be imparted or conveyed false information…" Defendants, with callous disregard, failed to properly inform the Plaintiff there is damage that would require structural changes to the vehicle.

47. 18 USC § 35(b), "Whoever willfully and maliciously, or with reckless disregard for the safety of human life, imparts or conveys or causes to be imparted or conveyed false information…" Defendants, with callous disregard, failed to inform the Plaintiff that the radiator was faulty and could fail while driving home.

### VII. Third Cause of Action – Callous Disregard for Plaintiffs Well Being

48. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as is fully set forth herein, and further states the following.

7

49. Plaintiff asked the Defendants to rectify the verified issues, and irrefutable safety issues. Defendants refused.

50. Defendants, after receiving a written notice, responded, some 135 days later, to bring in the vehicle for repair. Plaintiff informed Defendants on more than one occasion, and through their attorney, Marks & Marks, that Plaintiff was not comfortable making that long trip, and indeed, if I make a long trip, I rent a vehicle.

51. Defendants, with Callus Disregard for Plaintiffs Well Being, insisted that Plaintiff make the long drive to Long Island despite his fears concerning the safety of the vehicle.

## VIII. Fourth Cause of Action – Emotional Distress

52. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as is fully set forth herein, and further states the following.

53. Plaintiff must rent a vehicle to make a trip to visit his family, and this is restricted by the fact of the additional costs.

54. Plaintiff experiences deep emotional distress by the restrictions created by the fear of driving any distance in a vehicle he deems unsafe, and the State of Pennsylvania deemed unsafe.

55. Plaintiff experiences deep emotional distress by Defendants failure to come to terms to rectify the issues, and by creating unnecessary financial and physical encumbrance.

## IX. Fifth Cause of Action – Theft

56. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as is fully set forth herein, and further states the following.

57. Plaintiff was required to give Defendants a deposit of Five Hundred Dollars for paperwork to be completed.

58. Plaintiff was informed that he would receive a refund of the Five Hundred Dollars once the transaction was completed.

59. Plaintiff paid in full, the cost of the vehicle.

60. Plaintiff, paid in full, on the day of the transaction the full cost of the vehicle, and expected the refund of the initial deposit of Five Hundred Dollar's.

61. Plaintiff informed Defendant that the Five Hundred Dollar deposit had not been refunded.

62. Plaintiff, to this day, has not received the initial deposit that was to be returned upon payment in full.

63. 18 USC § 35(a), "Whoever imparts or conveys or causes to be imparted or conveyed false information…" Defendants have taken, by fraud, monies to which they were not entitled.

64. 18 USC § 35(a), "Whoever imparts or conveys or causes to be imparted or conveyed false information…" Defendants have taken, by fraud, monies they had promised to return.

65. 18 USC § 1038(b), "Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed…" Defendants have taken monies in a transaction that the Plaintiff believed would be returned to his person.

66. 18 USC § 1038(b), "Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed…" Defendants have committed theft by making false statements, keeping monies to which they were not entitled, and failing to close to the transaction.

## X. Conclusion – Remedy and Relief

67. Plaintiff presented Defendants with a solution that did not place any additional burden on either Party. Plaintiff presented a solution based on 15 USC § 2301, et. seq., in order to conform with recognized Remedy and Relief that is acceptable in Law. Plaintiff had not asked for any additional remuneration caused by Defendants Fraud, Reckless Endangerment, Callus Disregard for Well Being, Emotional Distress, Additional Costs, and Theft. Plaintiff made a calculated effort to keep the matter from trial, with consideration to not burden the courts with matters that could have been resolved within the context of law noticed and accepted by legislation and judicial review. Plaintiff must now seek the assistance of the courts to resolve Defendants failure to act in accordance with legislative and judicial recognition.

68. Plaintiff now asks that he receives compensation for Defendants failure to act with honesty, integrity, competence, and diligence; failure to act in the best interest of the consumer; failure to make full disclosure of all Material concern; failure to make full disclosure in his field of expertise; and failure to provide Professional Services with competence.

69. Plaintiff now asks that he receive from Defendant Mr. Don Rahim Fifty-Thousand Dollars, and from Defendant Auto Expo Fifty-Thousand Dollars.

70. Plaintiff now asks that he receive a total of One-Hundred-Thousand Dollars from Defendants to provide Relief for the causation of Fraud, Reckless Endangerment, Callous Disregard for Well Being, Emotional Distress, Additional Costs, and Theft.

71. Plaintiff, in addition to the aforementioned Remedy and Relief, asks for any other compensation deemed appropriate.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: _Jan 12, 2021_

Signature of Plaintiff _[signature]_

Printed Name of Plaintiff ___Nicholas Testaccio___