# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS V. TESTACCIO, : | |
|    *Plaintiff*, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-160 |
| : | |
| DON RAHIM, *et al.*, : | |
|    *Defendants*. : | |

## ORDER

AND NOW, this 8th day of April, 2021, upon consideration of Plaintiff Nicholas V. Testaccio's *pro se* Motion for Reconsideration (ECF No. 4) it is **ORDERED** that:

1. Testaccio's Motion for Reconsideration is **DENIED**.[1]

2. The Clerk of Court is directed to **TRANSFER FORTHWITH** the above-captioned case to the United States District Court for the Eastern District of New York for the reasons set forth in this Court's January 20, 2021 Order (ECF No. 3).

**BY THE COURT:**

   */s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**

---

[1] The Motion consists of an e-mail to the Clerk's Office stating that a Motion for Reconsideration of the Transfer to the Eastern District of New York is attached, (see ECF No. 4-1), and a copy of the January 20, 2021 Order, (see ECF No. 4). A motion for reconsideration should be granted only where the moving party shows that at least one of the following grounds is present: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." United States ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848–89 (3d Cir. 2014) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Because it lacks any explanation as to whether any of these grounds is present, the Motion must be denied.