UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NICHOLAS V. TESTACCIO,

              Plaintiff,

                                      ORDER
    -against-                      21-CV-1916(JS)(AYS)

DON RAHIM and AUTO EXPO,

              Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Nicholas V. Testaccio, pro se
                        643 Country Acres Court
                        Effort, Pennsylvania 18330

For Defendants:     Don Rahim, pro se
                        1147 East Jericho Turnpike
                        Huntington, New York 11743

SEYBERT, District Judge:

        On or around January 12, 2021, pro se plaintiff Nicholas V. Testaccio ("Plaintiff") commenced this action in the U.S. District Court for the Eastern District of Pennsylvania by filing a complaint against defendants Don Rahim ("Rahim") and Auto Expo (together, "Defendants").[1] (Compl., ECF No. 1.) The Complaint asserts claims under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C § 2301 et seq., among other causes of action, arising out of allegations that Defendants misrepresented the condition of a used vehicle sold to Plaintiff. (See generally Compl.; id. §§ 9, 31,

---

[1] Plaintiff paid the filing fee. (Jan. 26, 2021 Text Entry.)

67.) Because "[a]ll of the events giving rise to [Plaintiff's] claims are alleged to have occurred at the Huntington Auto Expo location," located within this District, the court in the Eastern District of Pennsylvania transferred the case to this Court. (Transfer Order, ECF No. 3, at 1 n.1; Reconsideration Order, ECF No. 6.) For the reasons that follow: (1) as a corporation, Defendant Auto Expo cannot proceed pro se and must appear through an attorney admitted to practice in this Court; (2) Plaintiff's motion for summary judgment is DENIED as premature, without prejudice and with leave to renew at the appropriate juncture; and (3) the Court REFERS the matter to Magistrate Judge Anne Y. Shields for an initial and/or settlement conference.

DISCUSSION

I. Auto Expo May Not Proceed *Pro Se*

On March 15, 2021, Defendant Rahim, acting pro se, filed an answer on behalf of himself and Auto Expo. (Answer, ECF No. 5, at ECF p. 1, ¶ I.) However, Defendants are advised that only individuals, as compared to a corporation, may represent themselves (i.e., appear pro se) in Federal Court. See 28 U.S.C. § 1654. Accordingly, a corporation or other artificial entity, such Auto Expo, cannot proceed pro se in federal court. See, e.g., Lattanzio v COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007) (per

curiam); La Barbera v. Fed. Metal & Glass Corp., 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009) ("[C]orporations cannot proceed in federal court pro se.") (citation omitted)).  This "rule has been applied to dismiss any action or motion filed by a corporation purporting to act pro se."  Grace v. Bank Leumi Trust Co. of New York, 443 F.3d 180, 192 (2d Cir. 2006).  **Defendant Auto Expo is WARNED that it may only appear and defend this action through an attorney admitted to practice in this Court.  Defendant Auto Expo is further WARNED that its failure to appear through an attorney may lead to entry of a default judgment against it.**

II. <u>Plaintiff's Motion for Summary Judgment is Denied Without Prejudice and With Leave to Renew</u>

On or around May 17, 2021, Plaintiff filed a motion for summary judgment.  (Mot., ECF No. 12.)  The motion is DENIED for failure to comply with this Court's Individual Rules, which provide that:  "Pre-Motion Conferences in Civil Cases are required for . . . summary judgment motions . . . ."  (Individual Rules, § III.B.) This Court's Individual Rules can be viewed at: https://www.nyed.uscourts.gov/pub/rules/JS-MLR.pdf.  Plaintiff did not seek a pre-motion conference prior to filing the motion. As such, the motion is DENIED without prejudice as premature.

Moreover, the parties have not yet appeared for an initial conference nor have they exchanged discovery.

Accordingly, the motion is DENIED without prejudice and with leave to renew at the appropriate juncture. The Court refers this matter to Judge Shields for scheduling a conference.

CONCLUSION

As stated above, **IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment (ECF No. 12) is DENIED without prejudice and with leave to renew at the appropriate juncture;

**IT IS FURTHER ORDERED** that as a corporate entity, Auto Expo cannot proceed pro se. **Defendant Auto Expo is WARNED** that it may only appear and defend this action through an attorney licensed to practice in this Court, and the failure to retain counsel may lead to entry of a default judgment against it;

**IT IS FURTHER ORDERED** that the Court refers this matter to Judge Shields for an initial and/or settlement conference.

The Clerk of the Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff **and** Defendants.

**SO ORDERED.**

    /s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May  19 , 2021
      Central Islip, New York

4